## POWELL ET AL. vs. KNIGHTON, ADM'R.

[BILL IN EQUITY BY LEGATEE AGAINST ADMINISTRATOR, FOR ACCOUNT, &C., AND TO COMPEL PAYMENT OF LEGACY.]

1. *Confederate money; receipt of by administrator in good faith, what no defense against.*—An executor of a testator having been sued for the recovery of a special legacy, defended on the ground that he had sold certain property of his testator for an amount sufficient to pay the legacy, but had received payment for it in Confederate currency in good faith,—*held*, that this was no defense against a recovery.

APPEAL from the Circuit Court of Henry, sitting as a court of chancery.

Tried before the Hon. J. McCALEB WILEY.

IN this cause it was agreed by the counsel of the parties, that " inasmuch as the legislature has not passed any act to set in active operation the proviso to the 5th section of article VI of the constitution, conferring jurisdiction upon circuit courts in certain chancery cases, they will not raise any question as to the jurisdiction of the circuit court of Henry county in this case, but consent that said

Powell et al. v. Knighton, Adm'r.

court take and exercise jurisdiction in said cause." The material facts of the case will be found in the opinion.

F. M. Wood, for appellant.
W. C. Oates, *contra.*

[No briefs came into reporter's hands.]

B. F. SAFFOLD, J.—The bill and answer in this case agree in the following statement of facts material to the decision of the questions at issue : James A. Dozier, the intestate of the appellant, was to receive from the estate of his father, Richard Dozier, a special legacy of twelve hundred dollars. This sum was to be raised by the sale of certain designated lands, and if the full amount was not so realized, other property was to be sold to make up the deficiency.

The appellant, as the executor of the will of Richard Dozier, sold the land in November, 1860, but the price obtained was less than twelve hundred dollars. A credit was given for the purchase-money, and in 1863 the appellant received payment of the debt in Confederate currency. During the war he sold other property of his testator in order to procure the remainder of the legacy, and received the same currency in payment. He has never paid the legatee more than an insignificant amount, for which he has obtained credit.

On the hearing of the cause, the court refused to allow him a credit for the Confederate currency, and charged him with the principal and interest of the legacy, except the small amount above mentioned.

The only defense relied on by the defendant is that he acted in good faith in receiving the Confederate currency. The act of the legislature on which he depended for protection, has been declared by this court to be unconstitutional.—*Houston v. Deloach* (at the present term). In the absence of more correct reasons for his failure to pay the legacy, we must conclude that the court did not err in the decree rendered.

The decree is affirmed.